Daniel M. Cislo, Esq., No. 125,378
  *dancislo@cislo.com*
David B. Sandelands, Esq., No. 198,252
  *dsandelands@cislo.com*
CISLO & THOMAS LLP
12100 Wilshire Blvd., Suite 1700
Los Angeles, California 90025
Telephone:  (310) 979-9190
Telefax:  (310) 394-4477

Attorneys for Plaintiff,
Exhart Environmental Systems, Inc.

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| EXHART ENVIRONMENTAL SYSTEMS, INC., a California corporation,<br><br>                  Plaintiff,<br><br>        vs.<br><br>RITE AID CORPORATION, a Delaware corporation<br><br>                  Defendant. | Case No.<br><br>**COMPLAINT FOR:**<br><br>**(1)  TRADE DRESS INFRINGEMENT**<br><br>**(2)  DESIGN PATENT INFRINGEMENT**<br><br>**(3)  COPYRIGHT INFRINGEMENT**<br><br>**(4)  UNFAIR COMPETITION**<br><br>**(5)  BREACH OF SETTLEMENT AGREEMENT**<br><br>**DEMAND FOR JURY TRIAL** |

Plaintiff Exhart Environmental Systems, Inc. ("Exhart") hereby alleges as follows:

## JURISDICTION AND VENUE

1.    This is an action for trade dress infringement, design patent infringement, copyright infringement, unfair competition and breach of settlement agreement under federal and state law against Defendant Rite Aid Corporation. ("Rite Aid").  Plaintiff Exhart seeks injunctive relief, money damages, as well as attorneys' fees and costs of suit, against Rite Aid for its continued unauthorized use of Exhart's proprietary trade dress and patented and copyrighted designs.

2.    This Court has subject matter jurisdiction pursuant to 28 U.S.C. §§ 1331, 1338(a) and 1338(b), and pursuant to 15 U.S.C. §§ 1114(1) and 1125, as the trade dress claims arise under the Federal Trademark Act ("The Lanham Act") of July 5, 1946, as amended, 15 U.S.C. §§ 1051 *et seq.*; the patent claims arise under the federal patent laws, 35 U.S.C. §1, *et seq.*; and, the copyright claims arise under the Copyright Act of 1976, 17 U.S.C. § 101 *et seq.*

3.    This Court has supplemental jurisdiction over the related state law claims pursuant to 28 U.S.C. § 1367.

4.    Venue is proper in this judicial district pursuant to 28 U.S.C. §§ 28 U.S.C. §§ 1391(b), 1391(c), and 1400, as Defendant Rite Aid is subject to personal jurisdiction in this district because Rite Aid routinely conducts business in this judicial district, and because Rite Aid has committed acts of infringement in this judicial district.

CISLO & THOMAS LLP
*Attorneys at Law*
12100 WILSHIRE BLVD., SUITE 1700
LOS ANGELES, CALIFORNIA 90025
WWW.CISLO.COM
TELEPHONE: (310) 979-9190   FACSIMILE: (310) 394-4477

## PARTIES

5.    Plaintiff Exhart is a California corporation having its principal place of business at 20364 Plummer Street, Chatsworth, California 91311.  Exhart designs, develops and sells unique garden décor and novelty items, including its WINDY WINGS butterfly garden stakes.

6.    Defendant Rite Aid is a Delaware corporation, having a place of business at 30 Hunter Lane, Camp Hill, PA 17011. Among other products, Rite Aid sells Rite Aid branded decorative butterfly yard stakes in competition with Plaintiff.  Examples of the accused products are depicted in Exhibit 1 attached to this Complaint.

7.    The defendants named herein as Does 1 through 9, inclusive are unknown to Plaintiff Exhart, who therefore sues such "Doe" defendants by such fictitious names.  Exhart is informed, believes and thereon alleges that each fictitiously named "Doe" defendant is in some manner, means or degree responsible for the events and happenings herein alleged.  Exhart will amend this complaint to assert the true names and capacities of the fictitiously designated "Doe" defendants when the same have been ascertained.

8.    Plaintiff Exhart is informed and believes and thereon alleges that Defendant Rite Aid and Does 1 through 9 advertise, sell, or manufacture and sell, products which infringe Exhart's trade dress in its WINDY WINGS butterfly garden stakes, as well as infringe certain of Exhart's patents and copyrights in violation of federal trademark, patent and copyright laws.

9.    Plaintiff Exhart is informed and believes, and thereon alleges, that in performing the abovementioned acts Defendant Rite Aid, and Does 1 through 9,

inclusive, and each of them, were the actual, implied or ostensible agents, servants, employees, partners, joint venturers, alter egos and/or co-conspirators of one another, and were at all relevant times described herein acting on behalf of one another within the course and scope of such agency, servitude, employment, partnership, joint venture, alter ego relationship and/or conspiracy.  Plaintiff is further informed and believes, and thereon alleges, that each defendant, whether expressly or fictitiously named, committed the acts or omissions described herein with the full knowledge, consent, authority and/or ratification of some or all of the other defendants.

## FACTS COMMON TO ALL CLAIMS

10.  Plaintiff Exhart, a California corporation with a principal place of business in this judicial district, provides novelty home and garden decor.  Exhart was founded in 1987 with the introduction of a variety of home and garden novelty products.  At least as early as 2002, Exhart introduced its WINDY WINGS line of eye-catching butterfly garden stakes, which are at issue in this litigation.

11.  Plaintiff Exhart owns numerous design patents, utility patents, trademarks, and copyrights for its many products including its WINDY WINGS butterfly garden stakes.

12.  Plaintiff Exhart sells its eye-catching WINDY WINGS butterfly garden stakes via numerous retailers nationwide including Home Depot, Sears and Amazon.com, among many others.

4

CISLO & THOMAS LLP
Attorneys at Law
12100 WILSHIRE BLVD., SUITE 1700
LOS ANGELES, CALIFORNIA 90025
TELEPHONE: (310) 979-9190  FACSIMILE: (310) 394-4477
WWW.CISLO.COM

13.    As a result of its extensive sales and advertising, Plaintiff Exhart has developed trade dress rights in the butterfly designs of its WINDY WINGS garden stakes.

14.    Plaintiff Exhart's trade dress in its WINDY WINGS butterfly designs includes the brightly colored wings with a black border flowing from the wingtips downwardly along the trailing edges of the wings, wherein the black border includes a pattern of white spots of irregular dimensions, and wherein black filament lines extend from the black border across the brightly colored wings, and wherein the body of each design features forward facing antennae.

15.    Plaintiff Exhart's WINDY WINGS butterfly trade dress is well-known among consumers and retailers of garden products as coming from a well-respected company that has been selling the butterfly garden stakes for approximately 15 years.  The WINDY WINGS butterfly trade dress is a valuable asset of substantial and inestimable worth to Plaintiff.  Photographs of products embodying Exhart's trade dress are appended hereto as Exhibit 2.

16.    Due to the popularity of Plaintiff Exhart's WINDY WINGS butterfly garden stakes, numerous entities have attempted to copy the WINDY WINGS trade dress necessitating that Exhart frequently engage in actions to enforce its intellectual property rights.

17.    One such entity that has previously copied Exhart's WINDY WINGS butterfly garden stakes is the Defendant in this action, Rite Aid.  In 2013, Defendant Rite Aid began selling Rite Aid branded butterfly yard stakes which were close copies of Exhart's WINDY WINGS butterfly garden stakes.  Exhart objected and sent Rite Aid a cease and desist letter asserting that Rite Aid's

butterfly yard stakes infringed certain of Exhart's patents and copyrights.  The parties settled their dispute shortly thereafter without the need for legal action.  A true and correct copy of the parties' 2013 Settlement Agreement ("the Agreement") is appended hereto as Exhibit 3.

18.     On or about March of 2017, Plaintiff Exhart discovered that Defendant Rite Aid had introduced a new line of butterfly yard stakes and formed a belief that Rite Aid's new goods infringe Exhart's WINDY WINGS butterfly trade dress.  Rite Aid continues to make, advertise, distribute, import, offer for sale, or sell such infringing goods.

19.     Exhart's WINDY WINGS butterfly designs are further protected by United States Patent No. D464,685 (the '685 Patent) entitled "Novelty butterfly," which the United States Patent and Trademark Office (USPTO) duly issued on October 22, 2002.  This patent is valid, unexpired, and fully enforceable.  Exhart is the owner of the '685 Patent via an assignment recorded with the USPTO on or about December 7, 2001.  A true and correct copy of the '685 Patent is attached to this Complaint as Exhibit 4.

20.     Beginning at least as early as March of 2017, Defendant Rite Aid has, without Plaintiff Exhart's permission, again begun making, using, advertising, distributing, importing, offering for sale, and/or selling goods that fall within the scope of the claim in Exhart's '685 Patent.  Rite Aid continues to make, advertise, distribute, import, offer for sale, or sell such goods.  Some of the accused products shown in Exhibit 1 fall within the scope of the claim of the '685 Patent.

CISLO & THOMAS LLP
Attorneys at Law
12100 WILSHIRE BLVD., SUITE 1700
LOS ANGELES, CALIFORNIA 90025
WWW.CISLO.COM
TELEPHONE: (310) 979-9190   FACSIMILE: (310) 394-4477

21.    Exhart is also the owner of United States Copyright Registration No. VA 1-121-225 ("the '225 registration") for the work titled "Windy Wings Butterfly." A true and correct copy of this copyright registration is attached to this Complaint as Exhibit 5.

22.    Beginning at least as early as March of 2017, and without Plaintiff Exhart's permission, Defendant Rite Aid has advertised, marketed, distributed, put on public display, offered for sale and/or sold substantially similar copies of Exhart's copyright protected works. Some of the accused products shown in Exhibit 1 are substantially similar to the work protected by the '225 registration.

## FIRST CAUSE OF ACTION
### (For Trade Dress Infringement)

23.    Plaintiff repeats and incorporates the allegations set forth in paragraphs 1 through 22 above.

24.    This claim arises under under the Federal Trademark Act ("The Lanham Act") of July 5, 1946, as amended, 15 U.S.C. §§ 1051 *et seq.*

25.    Plaintiff Exhart owns trade dress rights in its WINDY WINGS butterfly designs.

26.    Plaintiff Exhart's trade dress in its WINDY WINGS butterfly designs includes at least the following: the brightly colored wings with a black border flowing from the wingtips downwardly along the trailing edges of the wings, wherein the black border includes a pattern of white spots of irregular dimensions, and wherein black filament lines extend from the black border across

CISLO & THOMAS LLP
Attorneys at Law
12100 WILSHIRE BLVD., SUITE 1700
LOS ANGELES, CALIFORNIA 90025
TELEPHONE: (310) 979-9190   FACSIMILE: (310) 394-4477
WWW.CISLO.COM

the brightly colored wings, and wherein the body of each design features forward facing curved antennae.

27.     Plaintiff Exhart's WINDY WINGS trade dress is nonfunctional because the trade dress does not yield any utilitarian advantage inasmuch as the bright colors, black border, pattern of white spots of irregular dimensions, black filament lines and forward facing antennae are ornamental and not utilitarian. Moreover, many alternative butterfly designs are available.

28.     Plaintiff Exhart's advertising for its WINDY WINGS butterfly garden stakes does not tout any utilitarian features for the butterfly designs, but rather depicts the colorful ornamental features of the designs.

29.     Plaintiff Exhart's WINDY WINGS trade dress has acquired secondary meaning because Exhart is the originator of the unique WINDY WINGS butterfly designs and has been advertising and selling the WINDY WINGS butterfly garden stakes which embody the designs since at least December of 2001 as a unique and original creation of Exhart.  As such, the consuming public has come to associate Exhart's WINDY WINGS butterfly garden stakes embodying the WINDY WINGS trade dress as coming from a single source.

30.     On or about March of 2017, Plaintiff Exhart learned that Defendant Rite Aid had reintroduced to the market new versions of Rite Aid's butterfly yard stakes.  Rite Aid's new butterfly yard stakes use a trade dress substantially similar in visual appearance to Exhart's WINDY WINGS butterfly trade dress.

8

CISLO & THOMAS LLP
Attorneys at Law
12100 WILSHIRE BLVD., SUITE 1700
LOS ANGELES, CALIFORNIA 90025
WWW.CISLO.COM
TELEPHONE: (310) 979-9190   FACSIMILE: (310) 394-4477

31. The 2017 versions of Defendant Rite Aid's butterfly yard stakes appear substantially the same as Plaintiff Exhart's WINDY WINGS butterfly garden stakes and associated trade dress, and given such attention as consumers of relatively low cost products are likely to give, are essentially indistinguishable and therein will create and are creating a substantial likelihood of consumer confusion.

32. Defendant Rite Aid's public display, advertising, promoting, offering for sale, and selling of its butterfly yard stakes, therefore, constitutes infringement of Plaintiff Exhart's WINDY WINGS butterfly trade dress.

33. Defendant Rite Aid's unauthorized use of Plaintiff Exhart's WINDY WINGS trade dress, or colorable imitations thereof, or confusingly similar trade dress, to promote and sell butterfly yard stakes in commerce is likely to cause confusion and mistake and to deceive consumers as to the source or origin of Rite Aid's products, and upon information and belief has caused actual consumer confusion in the marketplace.

34. The acts of Defendant Rite Aid as described above infringe Plaintiff Exhart's trade dress rights, with consequent damages to Exhart's business reputation and to the goodwill symbolized by the WINDY WINGS butterfly trade dress in violation of Section 32 of the Lanham Act, 15 U.S.C. § 1114.

35. Defendant Rite Aid's willful acts of trade dress infringement are likely to cause, and upon information and belief have caused and are causing, great and irreparable injury to Plaintiff Exhart and its trade dress and to the business goodwill represented thereby. Unless Rite Aid is restrained, Exhart will have no adequate remedy at law that will compensate for the continued and irreparable harm it will suffer if Rite Aid's acts are allowed to continue.

36.   As a direct result of Defendant Rite Aid's willful conduct, Plaintiff Exhart has suffered injury to its reputation and business goodwill.  Consequently, Exhart seeks injunctive relief, an award of money damages for past infringement, and its attorneys' fees and costs of suit.

## SECOND CAUSE OF ACTION
### (For Design Patent Infringement)

37.   Plaintiff repeats and incorporates the allegations set forth in paragraphs 1 through 36 above.

38.   This claim arises under the federal patent laws, 35 U.S.C. §1, *et seq*.

39.   Plaintiff Exhart has marketed and continues to market novelty items in accord with the claim of the '685 Patent.  Each of those novelty items identify the item as being patented by providing an appropriate patent notice.

40.   Defendant Rite Aid has infringed and is infringing the '685 Patent in this District and elsewhere throughout the United States by manufacturing, using, importing, distributing, marketing, advertising, offering for sale, and/or selling novelty items including, but not limited to, the accused products, and perhaps other novelty items that may be ascertained through discovery, in violation of the claim of the '685 Patent.

41.   Defendant Rite Aid has willfully, wantonly, and deliberately infringed the '685 Patent by manufacturing, using, importing, distributing, marketing, advertising, offering for sale, and/or selling the accused products in

CISLO & THOMAS LLP
*Attorneys at Law*
12100 WILSHIRE BLVD., SUITE 1700
LOS ANGELES, CALIFORNIA 90025
TELEPHONE: (310) 979-9190   FACSIMILE: (310) 394-4477
WWW.CISLO.COM

known and objectively reckless disregard for Plaintiff Exhart's rights in the '685 Patent.

42.     Defendant Rite Aid's infringement has injured Plaintiff Exhart, and Exhart is entitled to recover damages adequate to compensate it for the infringement, but in no event less than a reasonable royalty.  In addition, Exhart is entitled to Rite Aid's total profits from the infringement.

43.     The amount of money damages that Plaintiff Exhart has suffered due to Defendant Rite Aid's acts of infringement cannot be determined without an accounting, and thus are subject to proof at trial.  Exhart is entitled to a complete accounting of all revenue derived by Rite Aid from the unlawful conduct alleged in this complaint.

44.     Unless enjoined by this Court, Defendant Rite Aid will continue its acts of infringement to Plaintiff Exhart's great and irreparable damage. Furthermore, unless enjoined, Rite Aid's acts of manufacturing, using, importing, distributing, marketing, advertising, offering for sale, and/or selling the Accused Products will likely cause Exhart irreparable harm for which Exhart has no adequate remedy at law, and which can only be remedied by injunctive relief.

## THIRD CAUSE OF ACTION
### (For Copyright Infringement)

45.     Plaintiff repeats and incorporates the allegations set forth in paragraphs 1 through 44 above.

46.     This claim arises under the Copyright Act of 1976, 17 U.S.C. § 101 et seq.

CISLO & THOMAS LLP
Attorneys at Law
12100 WILSHIRE BLVD., SUITE 1700
LOS ANGELES, CALIFORNIA 90025
WWW.CISLO.COM
TELEPHONE: (310) 979-9190   FACSIMILE: (310) 394-4477

CISLO & THOMAS LLP
*Attorneys at Law*
12100 WILSHIRE BLVD., SUITE 1700
LOS ANGELES, CALIFORNIA 90025
WWW.CISLO.COM
TELEPHONE: (310) 979-9190   FACSIMILE: (310) 394-4477

47.   Plaintiff Exhart is the owner of United States Copyright Registration VA 1-121-225 entitled "Windy Wings - Butterfly."

48.   Plaintiff Exhart has at all times complied in all respects with the Copyright Act of 1976 and all other laws of the United States with regard to this work.

49.   Defendant Rite Aid had access to Plaintiff Exhart's proprietary work by virtue of Exhart's extensive advertising and display of its products.

50.   Defendant Rite Aid used, or caused to be used, various copies constituting unauthorized copies of the work in violation of Plaintiff Exhart's exclusive rights under the Copyright Act of 1976, 17 U.S.C. § 106.

51.   Defendant Rite Aid's advertising, marketing, distribution, public display, offering for sale and/or sales of substantially similar copies of the work constitute copyright infringement in violation of Plaintiff Exhart's exclusive rights under the Copyright Act of 1976, 17 U.S.C. § 101 et seq.

52.   Defendant Rite Aid knowingly, willfully, and/or deliberately infringed, and/or acted in reckless disregard in infringing, Plaintiff Exhart's copyrights in the work, and continue to do so in intentional and/or reckless disregard and violation of Exhart's exclusive rights.

53.   By reason of Defendant Rite Aid's acts of copyright infringement, Plaintiff Exhart suffered and will continue to suffer irreparable injury unless and

until this Court (a) enters an order enjoining and restraining Rite Aid from using the works in any manner, and (b) orders all the copied works to be impounded.

54.     Defendant Rite Aid's continuing acts of copyright infringement, unless enjoined, will cause and have caused irreparable damage to Plaintiff Exhart in that it will have no adequate remedy at law to compel Rite Aid to cease such acts.  Exhart will be compelled to prosecute a multiplicity of actions, one action each time Rite Aid commits such acts, and in each such action it will be extremely difficult to ascertain the amount of compensation which will afford Exhart adequate relief.

55.     By reason of Defendant Rite Aid's acts of copyright infringement, Plaintiff Exhart is entitled to recover all profits received or otherwise achieved, directly or indirectly, by Rite Aid in connection with their copying, advertising, distributing, and/or selling of the Accused Products which are substantially similar copies of Exhart's protected works, as well as any other acts of Rite Aid that violate 17 U.S.C. § 106.  In the alternative, Exhart is entitled to an award of statutory damages of up to $150,000 as provided for in 17 U.S.C. § 504(c).

## FOURTH CAUSE OF ACTION
### (For Common Law Trade Dress Infringement and Unfair Competition Under California's Cal. Bus. & Prof. Code §§ 17200 and 17203)

56.     Plaintiff Exhart realleges and incorporates paragraphs 1 through 55 as though fully set forth herein.

57.     Plaintiff Exhart owns and uses the WINDY WINGS butterfly trade dress in California and throughout the United States.  As such, Exhart enjoys

CISLO & THOMAS LLP
Attorneys at Law
12100 WILSHIRE BLVD., SUITE 1700
LOS ANGELES, CALIFORNIA 90025
TELEPHONE: (310) 979-9190    FACSIMILE: (310) 394-4477
WWW.CISLO.COM

common law rights in the trade dress in California and throughout the United States in connection with the all of the goods and services marketed under the trade dress.

58.     Defendant Rite Aid's use of Plaintiff Exhart's trade dress in commerce in connection with the sale of butterfly yard stakes is intentionally designed to cause confusion regarding the source of Exhart's products and/or whether an affiliation exists between Exhart and Rite Aid.

59.     Defendant Rite Aid's acts constitute common law trade dress infringement and unfair competition in violation of the California Business and Professions Code §§ 17200 and 17203.

60.     Plaintiff Exhart is informed and believes that the acts of unfair competition undertaken by Defendant Rite Aid were intentionally and knowingly undertaken with the express intent of trading on the goodwill associated with Exhart's trademarks and were done with a willful disregard for the rights of Exhart.

61.     As a direct result of Defendant Rite Aid's acts of unfair competition, Plaintiff Exhart has suffered and will continue to suffer irreparable injury unless and until this Court enters an order enjoining Rite Aid from any further acts of unfair competition.

62.     In doing the acts alleged, Defendant Rite Aid acted willfully, fraudulently, oppressively, and maliciously, and, as such, Plaintiff Exhart is entitled to an injunction against further trade dress infringement by Rite Aid.

CISLO & THOMAS LLP
Attorneys at Law
12100 WILSHIRE BLVD., SUITE 1700
LOS ANGELES, CALIFORNIA 90025
WWW.CISLO.COM
TELEPHONE: (310) 979-9190   FACSIMILE: (310) 394-4477

# FIFTH CAUSE OF ACTION

## (For Breach of the Agreement, as against Rite Aid and Does 1-9)

63.    Plaintiff Exhart hereby realleges and incorporates by reference the allegations set forth in paragraphs 1 to 62.

64.    The July 16, 2013 Agreement constitutes a contract by and between Plaintiff Exhart and Defendant Rite Aid, wherein Rite Aid agreed not to "advertise, publicly display, make, have made, distribute, use, sell or offer to sell in the United States, or import into the United States," any goods within the scope of the claims of Exhart's U.S. Patents Nos. 6,599,160; D464,685; and D492,220 ("the Exhart Patents"), or that were substantially similar to the designs protected by U.S. Copyright Registration VA 1-121-225 ("the '225 Registration"). (Exh. 3, Agreement, ¶1(a), appended hereto.) In exchange, Exhart agreed to not to bring suit against Rite Aid for its acts of patent and copyright infringement.

65.    Plaintiff Exhart performed all conditions and obligations required of it under the Agreement.

66.    Defendant Rite Aid on the other hand has materially breached the Agreement by reintroducing to the market butterfly yard stakes that infringe upon at least U.S. Patent No. D464,685 and the '225 registration.

67.    As a direct and proximate result of Defendant Rite Aid's breach of the Agreement, Plaintiff Exhart has been damaged in an amount equal to its expenses incurred in negotiating the Agreement, expenses incurred in monitoring Rite Aid's compliance, or lack thereof, with the same, as well as its attorneys' fees and costs in enforcing the Agreement, such fees and expenses being

CISLO & THOMAS LLP
Attorneys at Law
12100 WILSHIRE BLVD., SUITE 1700
LOS ANGELES, CALIFORNIA 90025
WWW.CISLO.COM
TELEPHONE: (310) 979-9190   FACSIMILE: (310) 394-4477

recoverable pursuant to the express contractual language of the Agreement.  The exact amount of said costs and fees to be determined according to proof at trial.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff Exhart prays for judgment against Defendant Rite Aid, as follows:

### AS TO THE FIRST CAUSE OF ACTION
### (For Trade Dress Infringement as Against Rite Aid and Does 1-9)

1.     For a preliminary and permanent injunction enjoining Defendant Rite Aid and Does 1-9, and each of them, their respective officers, directors, employees, agents, subsidiaries, distributors, dealers, and all persons in active concert or participation with any of them:

   a.     From using the WINDY WINGS butterfly trade dress, colorable imitations thereof, or trade dress confusingly similar thereto, or likely to cause dilution of the distinctiveness of the above-referenced trade dress, or injury to Plaintiff Exhart's reputation;

   b.     From representing by any means whatsoever, directly or indirectly, that Defendant Rite Aid, or any products offered by Defendant, are associated in any way with Plaintiff Exhart and its products, and from otherwise taking any action likely to cause confusion, mistake, or deception on the part of consumers; and

   c.     From taking any action likely to cause confusion or mistake in the mind of the public or to otherwise cause consumers to believe that Defendant Rite Aid is somehow sponsored by, underwritten, owned, or affiliated with Plaintiff Exhart, and from otherwise

CISLO & THOMAS LLP
Attorneys at Law
12100 WILSHIRE BLVD., SUITE 1700
LOS ANGELES, CALIFORNIA 90025
TELEPHONE: (310) 979-9190     FACSIMILE: (310) 394-4477
WWW.CISLO.COM

1    misappropriating the hard-earned goodwill that rightfully belongs to

2    Exhart.

3

4    2.    For an award of money damages to compensate for Defendant's past

5    trade dress infringement.

6

7    3.    For an award of exemplary damages for Defendant's willful and

8    intentional acts.

9

10    4.    For Plaintiff's attorneys' fees and costs pursuant to 15 U.S.C. §

11    1117(a).

12

13    5.    For an order seizing and impounding the accused products.

14

15    6.    For such other and further relief as the Court may deem just and

16    proper.

17

18                    **AS TO THE SECOND CAUSE OF ACTION**

19                         **(For Design Patent Infringement)**

20

21    7.    For a preliminary and permanent injunction enjoining Defendant Rite

22    Aid and Does 1-9, and each of them, their respective officers, directors,

23    employees, agents, subsidiaries, distributors, dealers, and all persons in active

24    concert or participation with any of them from making, using, importing, offering

25    to sell and selling the accused products.

26

27    8.    For an order requiring Defendant Rite Aid and Does 1-9, and each of

28    them, pursuant to 35 U.S.C. §289, to account to Plaintiff for all revenue and

17

profits derived by Defendants and each of them from the manufacture, use, importation, offering for sale and sale of the accused products.

9.   For an award of Defendants' profits pursuant to 35 U.S.C.§ 289 in an amount to be proven a trial, and for prejudgment and post-judgment interest until the award is fully paid.

10.   For a judgment that Defendants have willfully and deliberately infringed Plaintiff's patent rights, and that this is an exceptional case entitling Plaintiff to enhanced damages.

11.   For Plaintiff Exhart's fees and costs of suit pursuant to 35 U.S.C. §285.

12.   For an order seizing and impounding the accused products; and

13.   For such other and further relief as this Court may deem just and proper.

## AS TO THE THIRD CAUSE OF ACTION
### (For Copyright Infringement)

14.   For a preliminary and permanent injunction enjoining Defendant Rite Aid and Does 1-9, and each of them, their respective officers, directors, employees, agents, subsidiaries, distributors, dealers, and all persons in active concert or participation with any of them from making, using, importing, offering to sell and selling the accused products.

15. For an order requiring Defendant Rite Aid to account to Plaintiff Exhart for all profits derived by Rite Aid from the manufacture, importation, advertisement, distribution, public display, and sale of the accused products and/or for statutory damages based upon Rite Aid's acts of copyright infringement pursuant to 17 U.S.C. § 504(c), at Exhart's election.

16. For a judgment that Defendant Rite Aid has willfully and deliberately infringed Plaintiff Exhart's rights, such that Exhart is entitled to enhanced statutory damages pursuant to 17 U.S.C. § 504(c), if elected.

17. For Plaintiff Exhart's attorney's fees and costs of suit pursuant to 35 U.S.C. §285.

18. For an order seizing and impounding the accused products.

19. For such other and further relief as this Court may deem just and equitable under the circumstances.

## AS TO THE FOURTH CAUSE OF ACTION
### (For Common Law Trademark Infringement and Unfair Competition Under California's Cal. Bus. & Prof. Code §§ 17200 and 17203)

20. For a preliminary and permanent injunction enjoining Defendant Rite Aid and Does 1-9, and each of them, their respective officers, directors, employees, agents, subsidiaries, distributors, dealers, and all persons in active concert or participation with any of them from making, using, importing, offering to sell and selling the accused products.

21.     For such other and further relief as this Court may deem just and proper under the circumstances.

## AS TO THE FIFTH CAUSE OF ACTION
### (For Breach of the Agreement, as against Rite Aid)

22.     For monetary damages in an amount subject to proof at trial.

23.     For pre and post judgment interest on the same.

24.     For reimbursement of all expenses incurred in negotiating and monitoring compliance with the Agreement.

25.     For attorneys' fees and costs of suit pursuant to the express terms of the Agreement.

26.     For such other and further relief as the Court may deem just and proper.

Respectfully submitted:

CISLO & THOMAS LLP

Dated: April 6, 2017

Daniel M. Cislo, Esq.
David B. Sandelands, Esq.
Attorneys for Plaintiff,
EXHART ENVIRONMENTAL
SYSTEMS, INC.

CISLO & THOMAS LLP
Attorneys at Law
12100 WILSHIRE BLVD., SUITE 1700
LOS ANGELES, CALIFORNIA 90025
TELEPHONE: (310) 979-9190   FACSIMILE: (310) 394-4477
WWW.CISLO.COM

20

# **DEMAND FOR JURY TRIAL**

Plaintiff hereby demands a trial by jury on all issues raised by the Complaint that are so triable.

Respectfully submitted:

CISLO & THOMAS LLP

Dated: April 6 , 2017

Daniel M. Cislo, Esq.
David B. Sandelands
Attorneys for Plaintiff,
EXHART ENVIRONMENTAL
SYSTEMS, INC.

\\srv-DB\TMDOCS\17-32532\Complaint - Exhart v. Rite Aid.docx

21