Exhibit 1







# Exhibit 2



# Exhibit 3

## SETTLEMENT AGREEMENT

This Agreement, effective upon the date of the last signature below (the "Effective Date"), is made between EXHART ENVIRONMENTAL SYSTEMS, INC., a California corporation having a place of business at 20364 Plummer Street, Chatsworth, California 91311 ("Exhart"), RITE AID CORPORATION, a Delaware corporation having a place of business at 30 Hunter Lane, Camp Hill Pennsylvania 17011 ("Rite Aid"), and PRODUCT DESIGN CANOPY, a Hong Kong trading company ("PDC"). Exhart, Rite Aid, and PDC are referred to collectively as "the Parties" in this Agreement.

WHEREAS, Exhart is the owner or exclusive licensee of United States Patent No. 6,599,160, entitled "Novelties having spring supported appendages" ("the '160 Patent"); United States Patent No. D464,685 entitled "Novelty butterfly" ("the '685 Patent"); and United States Patent No. D492,220 entitled "Butterfly with ball end antennae" ("the '220 Patent") (collectively, "Exhart's Asserted Patents");

WHEREAS, Exhart is the owner or exclusive licensee of U.S. Copyright Registration VA 1-121-225 ("the '225 Copyright");

WHEREAS, Exhart sent a letter dated March 1, 2013, to Rite Aid asserting that Rite Aid made, advertised, distributed, imported, offered for sale, or sold goods that fall within the scope of one or more claims in the '160 Patent, that are substantially similar to the designs protected by the '685 Patent and the '220 Patent, or that have a convincing number of similarities in common with the '225 Copyright;

WHEREAS, the specific item alleged by Exhart to infringe Exhart's Asserted Patents and the '225 Copyright was item 9018538, in the configuration shown in Exhibit 1 attached to this Agreement, sold or offered for sale by Rite Aid ("the Accused Products");

WHEREAS, PDC responded to the March 1, 2013 letter, asserting that PDC bought the Accused Products from a Chinese factory and resold the Accused Products to Rite Aid;

WHEREAS, Rite Aid and PDC each deny any wrongdoing;

WHEREAS, to avoid the costs and uncertainties of establishing their respective rights and liabilities through litigation or other legal action, the Parties wish to resolve the dispute between them by way of this Agreement;

NOW, THEREFORE, in consideration of the recitations and mutual promises set forth in this Agreement and other good and valuable consideration, the receipt and sufficiency of which are acknowledged, the Parties agree to the following terms:

1.   Rite Aid and PDC each represents, warrants, and agrees that it shall not:

(a)   advertise, publicly display, make, have made, distribute, use, sell, or offer to sell in the United States, or import into the United States, (i) the Accused Products; (ii) any goods within the scope of one or more claims from the '160 Patent; (iii) any goods within

1

the scope of the claim of the '685 Patent; (iv) any goods within the scope of the claim of the '220 Patent; or (v) any goods substantially similar to the designs protected by the '225 Copyright; or

(b)    induce anyone to infringe any of Exhart's Asserted Patents or the '225 Copyright.

2.    PDC represents and warrants that:

(a)    It sold no more than 75,000 pieces of the Accused Products to Rite Aid;

(b)    Its sales of the Accused Products to Rite Aid did not exceed $73,500 U.S. Dollars;

(c)    PDC currently has no inventory of the Accused Products and no Accused Products on order from its supplier(s); and

(d)    PDC never received any of the Accused Products from a manufacturer or supplier not listed in **Exhibit 2** to this Agreement.

3.    Notwithstanding the requirements in paragraph 1 of this Agreement, Rite Aid is permitted to advertise, publicly display, distribute, use, sell, and offer to sell the Accused Products in Rite Aid's current inventory. Rite Aid represents and warrants that its current inventory of the Accused Products does not exceed 10,000 pieces.

4.    Concurrent with the execution of this Agreement, PDC shall pay to Exhart fourteen thousand United States Dollars (US $14,000) by certified check made payable to Cislo & Thomas Legal Trust Account and delivered by Federal Express Corporation or another reputable overnight courier to Daniel M. Cislo, Esq., Cislo & Thomas LLP, 1333 2nd Street, Suite 500, Santa Monica, California 90401-4110.

5.    Exhart shall have the right, upon reasonable notice, to inspect and copy PDC's and Rite Aid's books, records, and all other documents and material in PDC's and Rite Aid's possession or control for the purpose of corroborating PDC's sales of the Accused Products to Rite Aid. In the event that the inspection reveals an under-representation of those sales of more than five percent (5%), PDC shall reimburse Exhart for the cost of the inspection. This shall be in addition to any other remedies available to Exhart for PDC's misrepresentation.

6.    The parties acknowledge and agree that the representations and warranties made in paragraphs 2 and 3 of this Agreement are material and essential to Exhart's decision to enter into this Agreement, and any mistaken representation or misrepresentation of information (whether inadvertent, negligent, or intentional) constitutes a material breach of this Agreement.

7.    Except for the obligations imposed by this Agreement and subject to the veracity of Rite Aid's representations and warranties in this Agreement, Exhart releases Rite Aid from claims for infringement of Exhart's Asserted Patents and the '225 Copyright for activities that occurred before the Effective Date with respect to the Accused Products. **For the removal of any doubt, each product not included in the definition of "Accused Products" is not included in this release.**

2

8.    Except for the obligations imposed by this Agreement and subject to the veracity of PDC's representations and warranties in this Agreement, Exhart releases PDC from claims for infringement of Exhart's Asserted Patents and the '225 Copyright for activities that occurred before the Effective Date with respect to the Accused Products. **For the removal of any doubt, each product not included in the definition of "Accused Products" is not included in this release.**

9.    If any action is commenced relating to this Agreement, including any circumstance in which this Agreement is asserted as a defense, the prevailing Party in such action shall recover its attorneys' fees, expenses, and costs from the non-prevailing Party.

10.    The Parties acknowledge that they have had the benefit and advice of independent legal counsel in connection with this Agreement and understand the meaning of each term of this Agreement and the consequences of signing this Agreement.

11.    This document represents the sole agreement between the Parties relating to its subject matter and supersedes any and all other previous communications, representations, understandings, agreements, negotiations, and discussions, either oral or written, between them and/or their various representatives. The Parties acknowledge and agree that there are no oral or written agreements, understandings, or representations, directly or indirectly related to this Agreement that are not set forth in it.

12.    This Agreement shall be binding upon, and inure to the benefit of, the successors, representatives, and permitted assigns of the Parties. Each Party represents that it has not made and will not make any assignments or transfers for the purpose of avoiding any of the requirements contained in this Agreement, has not formed and will not form any new entities or associations for the purpose of avoiding any of the requirements contained in this Agreement, and has not and will not take any other action to circumvent or otherwise avoid any of the terms of this Agreement.

13.    This Agreement shall not be modified, altered, or amended in any manner unless such modification, alteration, or amendment shall be reduced to writing and executed by each of the Parties.

14.    This Agreement shall be deemed to have been entered into in California and construed under the law of the State of California. The Parties agree that, in any dispute for breach of this Agreement, the dispute shall be brought exclusively in the United States District Court for the Central District of California, but if the Court does not possess such jurisdiction, then such dispute shall be brought exclusively in a California state court within that District. Each of the Parties consents to personal jurisdiction in California for actions related to this Agreement.

15.    This Settlement Agreement may be executed in two or more counterparts, each of which, when so executed and delivered, shall be deemed an original, and all counterparts, when taken together, will constitute one and the same agreement.

3

16. The Parties agree that if any of the signatures below are made by facsimile or photocopy, or are transmitted via email in PDF format, such facsimile, photocopy, or PDF signatures shall be binding and enforceable against the signing party as original signatures.

17. By signing below, the Parties acknowledge that the individuals who have signed on behalf of the Parties have done so with the full right, power and authority to bind the respective Parties and that the Parties are hereby bound.

IN WITNESS WHEREOF, the Parties have executed this Agreement on the dates indicated below.

**EXHART ENVIRONMENTAL SYSTEMS, INC.**     **RITE AID CORPORATION**

_(Signature)_

ISAAC WEISER
(Printed Name)

VICE President
(Title)

July 16 2013
(Date)

_(Signature)_

Ron S. Ohm
(Printed Name)

Senior Counsel
(Title)

7/10/13
(Date)


**PRODUCT DESIGN CANOPY**

_(Signature)_

PATTY NGAO
(Printed Name)

GENERAL MANAGER
(Title)

JUNE 25, 2013
(Date)

# Exhibit 1
**(begins on the next page)**





$4.99

**RITE AID**

**H⬟ME**
*& garden*™

Butterfly Garden Stake

THIS ITEM IS NOT A TOY — FOR DECORATIVE USE ONLY

ITEM 9018538-MMXIII

DISTRIBUTED BY:
RITE AID
30 HUNTER LANE
CAMP HILL, PA 17011

MADE IN CHINA

7 63562 04990 9



Exhibit 4

US00D464685S

(12) **United States Design Patent**    (10) Patent No.:    **US D464,685 S**

Weiser et al.    (45) **Date of Patent:**    ⁑⁑    **Oct. 22, 2002**

(54) **NOVELTY BUTTERFLY**

(75) Inventors: **Isaac Weiser**, Tarzana, CA (US);
**Margaret Weiser**, Tarzana, CA (US);
**Ye Yong-Biao**, Nanan (CN); **Guo
Xiao-Hong**, Fujian (CN); **Huang
Jin-Mao**, Fujian (CN)

(73) Assignee: **Exhart Environmental Systems, Inc.**,
Chatsworth, CA (US)

(**) Term: **14 Years**

(21) Appl. No.: **29/151,784**

(22) Filed: **Dec. 7, 2001**

(51) LOC (7) Cl. ..................................................... **21-01**
(52) U.S. Cl. ...................................... **D21/650; D21/585**
(58) Field of Search .............................. D21/576, 578,
D21/584, 585, 590, 606–608, 650, 465,
467; D11/158, 162; 446/72, 97, 98, 268,
295–296, 368–369, 371, 376

(56) **References Cited**

U.S. PATENT DOCUMENTS

| | | | |
|---|---|---|---|
| 2,725,654 A | * 12/1955 | Kosikar | 446/268 |
| D176,972 S | * 2/1956 | Benneft | D10/54 |
| D208,561 S | * 9/1967 | Dunbar | D21/650 |
| D271,406 S | 11/1983 | Oshorne | D21/185 |
| 4,654,018 A | 3/1987 | Farrington et al. | 446/38 |
| 4,863,413 A | 9/1989 | Schwarz | 446/62 |
| D317,030 S | * 5/1991 | Peyton | D21/650 |
| 5,144,764 A | 9/1992 | Peterson | 43/3 |
| D356,369 S | * 3/1995 | El-Assir | D21/650 |
| D394,463 S | 5/1998 | Filho | D21/93 |

* cited by examiner

*Primary Examiner*—Sandra L. Morris
(74) *Attorney, Agent, or Firm*—Cislo & Thomas LLP

(57) **CLAIM**

The ornamental design for a novelty butterfly, as shown and
described herein.

**DESCRIPTION**

FIG. 1. Is a perspective view of our novelty butterfly;
FIG. 2. Is a top view thereof;
FIG. 3. Is a front view thereof;
FIG. 4. Is a bottom view thereof;
FIG. 5. Is a left side elevational view thereof with the right
side elevational view being a substantial mirror image; and,
FIG. 6. Is a rear view thereof.

**1 Claim, 2 Drawing Sheets**



**U.S. Patent**     Oct. 22, 2002     Sheet 1 of 2     US D464,685 S



FIG. 1

FIG. 2



FIG. 3



*FIG.  4*



*FIG.  5*



*FIG.  6*

Exhibit 5

# CERTIFICATE OF REGISTRATION



**OFFICIAL SEAL**

This Certificate issued under the seal of the Copyright Office in accordance with title 17, United States Code, attests that registration has been made for the work identified below. The information on this certificate has been made a part of the Copyright Office records.

*Marybeth Peters*

**REGISTER OF COPYRIGHTS**
*United States of America*

**FORM VA**
For a Work of the Visual Arts
UNITED STATES COPYRIGHT OFFICE



**VA 1‑121‑225**

**EFFECTIVE DATE OF REGISTRATION**

May 31 2002
Month    Day    Year

---

**DO NOT WRITE ABOVE THIS LINE. IF YOU NEED MORE SPACE, USE A SEPARATE CONTINUATION SHEET.**

**TITLE OF THIS WORK ▼**
Windy Wings - Butterfly

**NATURE OF THIS WORK ▼** See instructions
3-dimensional sculpture of any color(s)

**PREVIOUS OR ALTERNATIVE TITLES ▼**

**Publication as a Contribution** If this work was published as a contribution to a periodical, serial, or collection, give information about the collective work in which the contribution appeared. **Title of Collective Work ▼**
N/A

If published in a periodical or serial give: **Volume ▼** N/A   **Number ▼** N/A   **Issue Date ▼** N/A   **On Pages ▼** N/A

---

**NOTE**
Under the law, the "author" of a "work made for hire" is generally the employer, not the employee (see instructions). For any part of this work that was "made for hire" check "Yes" in the space provided, give the employer (or other person for whom the work was prepared) as "Author" of that part, and leave the space for dates of birth and death blank.

**2**

**NAME OF AUTHOR ▼**
Ye Yong Biao

**DATES OF BIRTH AND DEATH**
Year Born ▼    Year Died ▼

Was this contribution to the work a "work made for hire"?
☐ Yes
☒ No

**Author's Nationality or Domicile**
Name of Country
OR { Citizen of ▶ China
Domiciled in ▶ Fujian, China

**Was This Author's Contribution to the Work**
Anonymous? ☒ Yes ☐ No
Pseudonymous? ☐ Yes ☒ No
If the answer to either of these questions is "Yes," see detailed instructions.

**NATURE OF AUTHORSHIP** Check appropriate box(es). **See instructions**
☒ 3-Dimensional sculpture    ☐ Map    ☐ Technical drawing
☐ 2-Dimensional artwork    ☐ Photograph    ☐ Text
☐ Reproduction of work of art    ☐ Jewelry design    ☐ Architectural work

**NAME OF AUTHOR ▼**

**DATES OF BIRTH AND DEATH**
Year Born ▼    Year Died ▼

Was this contribution to the work a "work made for hire"?
☐ Yes
☐ No

**Author's Nationality or Domicile**
Name of Country
OR { Citizen of ▶
Domiciled in ▶

**Was This Author's Contribution to the Work**
Anonymous? ☐ Yes ☐ No
Pseudonymous? ☐ Yes ☐ No
If the answer to either of these questions is "Yes," see detailed instructions.

**NATURE OF AUTHORSHIP** Check appropriate box(es). **See instructions**
☐ 3-Dimensional sculpture    ☐ Map    ☐ Technical drawing
☐ 2-Dimensional artwork    ☐ Photograph    ☐ Text
☐ Reproduction of work of art    ☐ Jewelry design    ☐ Architectural work

---

**3**

**Year in Which Creation of This Work Was Completed**
2000
◀ Year    This information must be given in all cases.

**Date and Nation of First Publication of This Particular Work**
Complete this information ONLY if this work has been published.
Month ▶ December   Day ▶ 15   Year ▶ 2001
USA    ◀ Nation

**4**

**COPYRIGHT CLAIMANT(S)** Name and address must be given even if the claimant is the same as the author given in space 2. ▼
Exhart Environmental Systems, Inc.
20700 Dearborn St.
Chatsworth, CA 91311

See instructions before completing this space.

**APPLICATION RECEIVED** MAY 31 2002
**ONE DEPOSIT RECEIVED**
**TWO DEPOSITS RECEIVED** MAY 31 2002
**FUNDS RECEIVED**

*DO NOT WRITE HERE OFFICE USE ONLY*

**Transfer** If the claimant(s) named here in space 4 is (are) different from the author(s) named in space 2, give a brief statement of how the claimant(s) obtained ownership of the copyright. ▼
Assignment

---

**MORE ON BACK ▶**
• Complete all applicable spaces (numbers 5-9) on the reverse side of this page.
• See detailed instructions.    • Sign the form at line 8.

DO NOT WRITE HERE
Page 1 of **2** pages

# CERTIFICATE OF REGISTRATION



This Certificate issued under the seal of the Copyright Office in accordance with title 17, United States Code, attests that registration has been made for the work identified below. The information on this certificate has been made a part of the Copyright Office records.

*Marybeth Peters*

**REGISTER OF COPYRIGHTS**
**United States of America**

OCT 0 6 2003

**OFFICIAL SEAL**

**FORM CA**
For Supplementary Registration

VA 1-207-588

| TX | TXU | PA | PAU | VA | VAU | SR | SRU | RE |
|----|-----|----|----|----|----|----|-----|-----|

EFFECTIVE DATE OF SUPPLEMENTARY REGISTRATION

Feb 3 2003
Month   Day   Year

---

DO NOT WRITE ABOVE THIS LINE. IF YOU NEED MORE SPACE USE A SEPARATE CONTINUATION SHEET.

**Title of Work ▼**
Windy Wings  Butterfly

**Registration Number of the Basic Registration ▼**
VA 1 121 225

**Year of Basic Registration ▼**
2002

**Name(s) of Author(s) ▼**
Ye Yong Biao

**Name(s) of Copyright Claimant(s) ▼**
Exhart Environmental Systems  Inc

**Location and Nature of Incorrect Information in Basic Registration ▼**
Line Number 3 _____ Line Heading or Description _____

Year in Which Creation of This Work Was Completed/
Date of First Publication of This Particular Work

**Incorrect Information as It Appears in Basic Registration ▼**
2000 / December 15  2001 in USA

**Corrected Information ▼**
1999 / At least as early as October 15  1999 in China

**Explanation of Correction ▼**
Incorrect creation and publication dates were inadvertently provided on original application

**Location and Nature of Information in Basic Registration to be Amplified ▼**
Line Number _____ Line Heading or Description _____

**Amplified Information and Explanation of Information ▼**

# FORM VA

**For a Work of the Visual Arts**
**UNITED STATES COPYRIGHT OFFICE**



REGISTRATION NUMBER

_____ VA _____ VAU _____

EFFECTIVE DATE OF REGISTRATION

Month      Day      Year

---

**DO NOT WRITE ABOVE THIS LINE. IF YOU NEED MORE SPACE, USE A SEPARATE CONTINUATION SHEET.**

**TITLE OF THIS WORK ▼**

Windy Wings - Hummingbird

**NATURE OF THIS WORK ▼ See instructions**

3-dimensional sculpture of any color(s)

**PREVIOUS OR ALTERNATIVE TITLES ▼**

**Publication as a Contribution** If this work was published as a contribution to a periodical, serial, or collection, give information about the collective work in which the contribution appeared.   Title of Collective Work ▼

N/A

If published in a periodical or serial give: Volume ▼  N/A   Number ▼ N/A   Issue Date ▼ N/A   On Pages ▼ N/A

---

**NAME OF AUTHOR ▼**

Ye Yong Biao

**DATES OF BIRTH AND DEATH**
Year Born ▼     Year Died ▼

Was this contribution to the work a "work made for hire"?
☐ Yes
☑ No

**Author's Nationality or Domicile**
Name of Country
OR { Citizen of ▶ China
Domiciled in ▶ Fujian, China

**Was This Author's Contribution to the Work**
Anonymous?   ☑ Yes  ☐ No
Pseudonymous?   ☐ Yes  ☑ No
If the answer to either of these questions is "Yes," see detailed instructions.

**NATURE OF AUTHORSHIP** Check appropriate box(es). **See Instructions**
☑ 3-Dimensional sculpture   ☐ Map   ☐ Technical drawing
☐ 2-Dimensional artwork   ☐ Photograph   ☐ Text
☐ Reproduction of work of art   ☐ Jewelry design   ☐ Architectural work

**NAME OF AUTHOR ▼**

**DATES OF BIRTH AND DEATH**
Year Born ▼     Year Died ▼

Was this contribution to the work a "work made for hire"?
☐ Yes
☐ No

**Author's Nationality or Domicile**
Name of Country
OR { Citizen of ▶
Domiciled in ▶

**Was This Author's Contribution to the Work**
Anonymous?   ☐ Yes  ☐ No
Pseudonymous?   ☐ Yes  ☐ No
If the answer to either of these questions is "Yes," see detailed instructions.

**NATURE OF AUTHORSHIP** Check appropriate box(es). **See Instructions**
☐ 3-Dimensional sculpture   ☐ Map   ☐ Technical drawing
☐ 2-Dimensional artwork   ☐ Photograph   ☐ Text
☐ Reproduction of work of art   ☐ Jewelry design   ☐ Architectural work

**NOTE**
Under the law, the "author" of a "work made for hire" is generally the employer, not the employee (see instructions). For any part of this work that was "made for hire" check "Yes" in the space provided, give the employer (or other person for whom the work was prepared) as "Author" of that part, and leave the space for dates of birth and death blank.

---

**Year in Which Creation of This Work Was Completed**   2000   ◀ Year   This information must be given in all cases.

**Date and Nation of First Publication of This Particular Work**   Complete this information ONLY if this work has been published.   Month ▶ April   Day ▶ 1   Year ▶ 2001   USA   ◀ Nation

**COPYRIGHT CLAIMANT(S)** Name and address must be given even if the claimant is the same as the author given in space 2. ▼

Exhart Environmental Systems, Inc.
8040 Remmet Ave., Suite 8
Canoga Park, California 91304

**Transfer** If the claimant(s) named here in space 4 is (are) different from the author(s) named in space 2, give a brief statement of how the claimant(s) obtained ownership of the copyright. ▼

Assignment

APPLICATION RECEIVED

ONE DEPOSIT RECEIVED

TWO DEPOSITS RECEIVED

FUNDS RECEIVED

DO NOT WRITE HERE   OFFICE USE ONLY

See instructions before completing this space.

---

**MORE ON BACK ▶**   • Complete all applicable spaces (numbers 5-9) on the reverse side of this page.
• See detailed instructions.   • Sign the form at line 8.

DO NOT WRITE HERE
Page 1 of _____ pages

# FORM VA
**For a Work of the Visual Arts**
UNITED STATES COPYRIGHT OFFICE

REGISTRATION NUMBER

_____

VA _____   VAU _____

EFFECTIVE DATE OF REGISTRATION

Month _____  Day _____  Year _____

---

**DO NOT WRITE ABOVE THIS LINE. IF YOU NEED MORE SPACE, USE A SEPARATE CONTINUATION SHEET.**

**TITLE OF THIS WORK ▼**

Windy Wings - Butterfly

**NATURE OF THIS WORK ▼** See instructions

3-dimensional sculpture of any color(s)

**PREVIOUS OR ALTERNATIVE TITLES ▼**

**Publication as a Contribution** If this work was published as a contribution to a periodical, serial, or collection, give information about the collective work in which the contribution appeared.   **Title of Collective Work ▼**

N/A

If published in a periodical or serial give:  Volume ▼   N/A   Number ▼   N/A   Issue Date ▼   N/A   On Pages ▼   N/A

---

**NAME OF AUTHOR ▼**

Ye Yong Biao

**DATES OF BIRTH AND DEATH**
Year Born ▼   Year Died ▼

Was this contribution to the work a "work made for hire"?
☐ Yes
☑ No

**Author's Nationality or Domicile**
Name of Country
OR { Citizen of ▶ China
Domiciled in ▶ Fujian, China

**Was This Author's Contribution to the Work**
Anonymous?   ☑ Yes   ☐ No
Pseudonymous?   ☐ Yes   ☑ No
If the answer to either of these questions is "Yes," see detailed instructions.

**NATURE OF AUTHORSHIP**   Check appropriate box(es).  **See Instructions**
☑ 3-Dimensional sculpture   ☐ Map   ☐ Technical drawing
☐ 2-Dimensional artwork   ☐ Photograph   ☐ Text
☐ Reproduction of work of art   ☐ Jewelry design   ☐ Architectural work

**NOTE**

Under the law, the "author" of a "work made for hire" is generally the employer, not the employee (see instructions). For any part of this work that was "made for hire" check "Yes" in the space provided, give the employer (or other person for whom the work was prepared) as "Author" of that part, and leave the space for dates of birth and death blank.

**NAME OF AUTHOR ▼**

**DATES OF BIRTH AND DEATH**
Year Born ▼   Year Died ▼

Was this contribution to the work a "work made for hire"?
☐ Yes
☐ No

**Author's Nationality or Domicile**
Name of Country
OR { Citizen of ▶
Domiciled in ▶

**Was This Author's Contribution to the Work**
Anonymous?   ☐ Yes   ☐ No
Pseudonymous?   ☐ Yes   ☐ No
If the answer to either of these questions is "Yes," see detailed instructions.

**NATURE OF AUTHORSHIP**   Check appropriate box(es).  **See Instructions**
☐ 3-Dimensional sculpture   ☐ Map   ☐ Technical drawing
☐ 2-Dimensional artwork   ☐ Photograph   ☐ Text
☐ Reproduction of work of art   ☐ Jewelry design   ☐ Architectural work

---

**Year in Which Creation of This Work Was Completed**
2000
◀ Year   in all cases.
This information must be given

**Date and Nation of First Publication of This Particular Work**
Complete this information ONLY if this work has been published.
Month ▶ December   Day ▶ 15   Year ▶ 2001
USA
◀ Nation

**COPYRIGHT CLAIMANT(S)** Name and address must be given even if the claimant is the same as the author given in space 2. ▼

Exhart Environmental Systems, Inc.
8040 Remmet Ave., Suite 8
Canoga Park, California  91304

**Transfer** If the claimant(s) named here in space 4 is (are) different from the author(s) named in space 2, give a brief statement of how the claimant(s) obtained ownership of the copyright. ▼

Assignment

**APPLICATION RECEIVED**

**ONE DEPOSIT RECEIVED**

**TWO DEPOSITS RECEIVED**

**FUNDS RECEIVED**

DO NOT WRITE HERE
OFFICE USE ONLY

See instructions before completing this space.

---

**MORE ON BACK ▶**   • Complete all applicable spaces (numbers 5-9) on the reverse side of this page.
• See detailed instructions.   • Sign the form at line 8.

DO NOT WRITE HERE
Page 1 of _____ pages



















